**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEITH A. SMITH, <br><br> Plaintiff, <br><br> v. <br><br> JUDGE JOHN A. RICCARDI, et al., <br><br> Defendants. | Civil Action No. 16-8260-BRM-DEA <br><br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the Complaint of *pro se* Plaintiff Keith A. Smith ("Plaintiff"), asserting claims against various individuals involved in his criminal sentencing, pursuant to 42 U.S.C. § 1983 (ECF No. 1), and Plaintiff's Amended Statement of Claims (ECF No. 8). Plaintiff was previously granted *in forma pauperis* status and, therefore, the Court is required to screen the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and dismiss any claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, Plaintiff's claims against the State of New Jersey, the New Jersey Department of Corrections, the New Jersey Attorney General's Office, and the Monmouth County Correctional Institution are **DISMISSED WITH PREJUDICE** and Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**.

**I.   BACKGROUND**[1]

In June 1995, following his conviction for aggravated manslaughter, Plaintiff was sentenced to a term of imprisonment. (ECF No. 1 at 10-11.) Among other things, Plaintiff contends the trial judge denied him the opportunity to earn various forms of credits towards the satisfaction of his sentence. (*Id.*) Upon the request of the prosecuting attorney, the trial judge imposed an enhanced, indefinite term sentence of twenty-five years to life imprisonment. (*Id.* at 8-12.) Plaintiff alleges this sentence exceeds that which is authorized by the legislature for his crime. (*Id.*) Plaintiff further contends the prosecutor improperly sought, and the judge improperly imposed, this sentence based on Plaintiff's sealed juvenile criminal record and various drug indictments, some of which had been dismissed or combined for sentencing purposes. (*Id.* at 11-13; *see also* ECF No. 8 at 1-2.) Plaintiff asserts the issuance of this sentence deprived him of due process and equal protection, as he is not able to accrue various credits towards his sentence which other, non-life sentenced prisoners may accrue. (*Id.* at 10-13.) Plaintiff also contends he was denied the right to counsel because his defense attorney failed investigate the true nature of Plaintiff's criminal history and, thereafter, failed to object or oppose the issuance of this allegedly improper sentence. (*Id.* at 10-12; ECF No. 8 at 3.)

Finally, Plaintiff asserts the New Jersey Attorney General's Office "failed to investigate and uncover these grave miscarriage[s] of justice" and was denied his jail credits as a result. (*Id.* at 13.) Specifically, Plaintiff alleges this failure to investigate and award him jail credits amounts to "collusion" and "conspiracy" orchestrated by the State of New Jersey and its Department of Corrections in an effort to keep Plaintiff imprisoned. (*Id.*) Plaintiff also states that the Attorney

---

[1] The following factual allegations are taken from the Complaint and are assumed to be true for the purposes of this Opinion.

General's Office did not "award" him a sentence reduction based on the 2004, 2008 and 2015 "crack-cocaine related Amendment[s]." (*Id.* at 13.) Plaintiff does not explain what these amendments are or how these drug related amendments would reduce his sentence for aggravated manslaughter.[2]

After the Court granted Plaintiff *in forma pauperis* status and Ordered the Complaint be filed (ECF No. 6), Plaintiff filed an Amended Statement of Claims (ECF No. 8). Through this Amended Statement of Claims, Plaintiff seeks to add two (2) additional defendants: Jane Clayton ("Ms. Clayton"), the Monmouth County Court Clerk; and Lawrence M. Lawson ("Judge Lawson"), a New Jersey Superior Court Judge. (*Id.* at 1-3.) Additionally, Plaintiff states that, following certain guilty pleas in the early 1990s, and well in advance of his challenged life sentence, three (3) of Plaintiff's outstanding indictments were merged for purposes of sentencing, which was apparently conducted under a new indictment number, 90-10-01706. (*Id.*) Plaintiff alleges this "new" indictment was fictitious and not the result of a grand jury process. (*Id.*) Plaintiff contends that, by combining his cases under this allegedly fraudulent indictment, Ms. Clayton failed to carry-over Plaintiff's applicable jail credit time, causing him to lose several hundred days of jail credit time. (*Id.* at 1.) Finally, Plaintiff contends he was denied Due Process as a result of this allegedly fictitious indictment. (*Id.* at 3.)

## II. LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) (the "PLRA"), district courts must review the complaints in all civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B),

---

[2] To the extent Plaintiff is referring to the amendments to the United States Sentencing Guidelines, the Court notes those amendments would not provide any benefit to a state prisoner not currently serving a federal drug conviction, such as Plaintiff.

3

or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Because Plaintiff has been granted *in forma pauperis* status (*see* ECF No. 6) and is a state prisoner seeking damages from state agencies (*see* ECF No. 1), this action is subject to *sua sponte* screening for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and § 1915A.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**III.   DECISION**

In his Complaint, Plaintiff asserts claims for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[3] "To establish a claim under 42 U.S.C. § 1983, a plaintiff must

---

[3] Plaintiff also suggests 42 U.S.C. § 1985 and 42 U.S.C. § 1986 provide a basis for his claims. (*See* ECF No. 1 at 4). However, Plaintiff's Complaint does not provide any factual basis to support a claim under either of those statutes separate and apart from the facts supporting his § 1983 claims.

5

demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (stating that § 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)). Here, Plaintiff purports to assert claims for the alleged denial of his due process rights arising out of his allegedly improper extended term sentence, as well as a claim for the denial of equal protection of the laws in the form of the denial of his ability to earn certain jail credits based on that sentence. (*See* ECF No. 1.) Additionally, in his Amended Statement of Claims, Plaintiff purports to assert due process claims against Ms. Clayton and Judge Lawson based on the allegedly false indictment, 90-10-01706. (*See* ECF No. 8.)

Plaintiff is attempting to collaterally attack his state court sentence and, in turn, secure his immediate release from prison, either through a finding that his sentence was itself illegal or the denial of jail credits is unconstitutional. As the Supreme Court has explained, however, a federal

---

Although Plaintiff alleges Defendants colluded to deny him his rights, such allegations are insufficient to make out a claim under § 1985(3), the only applicable subsection of § 1985, as Plaintiff fails to allege this collusion or conspiracy was the result of racial animus or some other form of protected-class based invidious discrimination, which is required to state a claim under § 1985(3). *See, e.g., Farber v. City of Paterson*, 440 F.3d 131, 134-35 (3d Cir. 2006). Likewise, because Plaintiff has failed to plead facts which would suggest a claim under § 1985, he cannot state a claim under § 1986 as "transgressions of § 1986 by definition depend on a preexisting violation of § 1985." *See Bey v. McKinney*, No. 15-8089, 2017 WL 1024275, at *5 (D.N.J. Mar. 15, 2017) (quoting *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)). Thus, while it does not appear Plaintiff is actually seeking to raise claims under § 1985 or § 1986, even if he intended to do so, those claims would be dismissed without prejudice for failure to state a claim.

civil rights "action will not lie when a state prisoner challenges 'the fact or duration of his confinement,' and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement." *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 482, 489 (1973)). Such relief can only be obtained through a petition for a writ of habeas corpus or its state court equivalent. *Id.* at 81. A plaintiff must have their sentence invalidated before bringing a civil rights action based on an allegedly improper term of confinement, regardless whether the plaintiff seeks release from custody or money damages, whenever the claim would necessarily imply the invalidity of the plaintiff's confinement. *Id.* at 80-82; *see also Heck v. Humphries*, 512 U.S. 477, 486-87 (1994). Therefore, a prisoner may not use a § 1983 suit to reduce or invalidate his confinement, either directly or by making a claim which, if successful, would necessarily imply the invalidity of his imprisonment. *Wilkinson*, 544 U.S. at 81. Indeed, a state prisoner's civil rights action "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of [his] confinement or its duration." *Id.* at 81-82. Under such circumstances, a plaintiff's civil rights action must be dismissed without prejudice until such time as the plaintiff has invalidated his confinement or its duration through the appropriate means, *i.e.,* a habeas proceeding. *Id.* at 78-82.

Here, Plaintiff asserts that his sentence was improper *ab initio* and his defense attorney was constitutionally ineffective in failing to oppose that sentence. The success of either of these claims would either affirmatively establish or directly imply the invalidity of his sentence. Thus, Plaintiff's claims against Judge Riccardi, Monmouth County Prosecutor Peter Warshaw, and his

7

trial attorney, Vernon L. McGowan, must be dismissed without prejudice until such time as Plaintiff has had his sentence or the length of that sentence overturned.[4] *Id.*

Plaintiff also seeks to bring claims against the State of New Jersey, its Department of Corrections, and its Attorney General's Office for failing to uncover his allegedly improper sentence and failing to award Plaintiff a sentence reduction based upon certain amendments to unrelated sentencing guidelines. To the extent these allegations sufficiently state a claim for relief and are not otherwise barred, all of these Defendants are immune from suit under § 1983 and must be dismissed with prejudice as such. *See, e.g., Walker v. Beard*, 244 F. App'x 439, 440 (3d Cir. 2007). Under the Eleventh Amendment, "states and state agencies are immune from suit in federal court," *id.*, because states and their departments, such as the Department of Correction or the State Attorney General's Office, are not "persons" subject to suit. *See Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989); *see also Hawkins v. Supreme Ct. of N.J.*, 174 F. App'x 683, 685 (3d Cir. 2006). Thus, the State of New Jersey, the New Jersey Department of Corrections, and the New Jersey Attorney General's Office are immune from suit under § 1983 and all claims against those parties are dismissed with prejudice.

Additionally, Plaintiff seeks to name the Monmouth County Correctional Institution ("MCCI"), a New Jersey County Jail, as a Defendant in this matter. However, Plaintiff does not

---

[4] These Defendants would likely be entitled to immunity even if Plaintiff's sentence had been overturned. *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (holding prosecutors are generally immune from suit for actions taken in connection with initiating and pursuing a criminal prosecution); *LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012) (same); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (holding public defenders and court appointed attorneys "acting within the scope of their professional duties are absolutely immune from civil liability under § 1983); *Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007) (holding judicial officers in the performance of their duties are absolutely immune from suit, even when acting maliciously or in excess of authority, unless they acted "in the clear absence of all jurisdiction").

plead any facts to establish MCCI's alleged involvement in this case, other than to imply MCCI is where Plaintiff would have earned some of his jail credits if he had not been given a life sentence. Nonetheless, a county jail is not a proper defendant in a federal civil rights action as a jail is not a "person" for § 1983 persons. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). The proper entity subject to suit, if any, is instead the county which operates the facility. *Id.* Therefore, MCCI must also be dismissed with prejudice.[5]

Finally, in his Amended Statement of Claims, Plaintiff purports to assert Due Process claims against Ms. Clayton and Judge Lawson, based on the allegation they created and proceeded to sentence Plaintiff under a fraudulent indictment, created after several of his other indictments were consolidated for sentencing purposes. (*See* ECF No. 8 at 1-3.) Plaintiff contends the sentence he received under this indictment was too long insofar as his jail time credits were not properly calculated. Essentially, Plaintiff asserts that, because the indictment was fraudulent, any sentence received pursuant to that indictment is void *ab initio*. To succeed on such a claim, however, would necessarily impugn the fact or duration of the sentence he received under the indictment. As such, this claim is also barred by the rule established in *Preiser, Heck, Wilkinson*, and their progeny, unless and until such time as Plaintiff's sentence is invalidated. *See Wilkinson*, 544 U.S. at 78-82. That Plaintiff's sentence may have already been carried out, and he is no longer in custody under that sentence is immaterial. Indeed, the Third Circuit has explicitly held that the *Wilkinson* bar continues to apply even after a plaintiff has been released from custody and even though habeas relief may no longer be available to challenge the plaintiff's prior confinement. *See Williams v. Consovoy*, 453 F.3d 173, 177-78 (3d Cir. 2006); *Gilles v. Davis*, 427 F3d 197, 208-10 (3d Cir.

---

[5] Because Plaintiff has pled no facts suggesting the involvement of Monmouth County in his sentence and its execution, this Court does not construe Plaintiff to be raising a claim against Monmouth County at this time.

2005). Therefore, Plaintiff's claims against Ms. Clayton and Judge Lawson are dismissed without prejudice, because the relief Plaintiff seeks is barred until such time as his sentence under the allegedly fraudulent indictment is overturned.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's claims against Defendants the State of New Jersey, the New Jersey Department of Corrections, the New Jersey Attorney General's Office, and MCCI are **DISMISSED WITH PREJUDICE** and Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**. An appropriate order will follow.

Date:  March 30, 2017                               */s/ Brian R. Martinotti*  
                                                    **HON. BRIAN R. MARTINOTTI**  
                                                    **UNITED STATES DISTRICT JUDGE**